# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Cody Helmers,

      Plaintiff,

      v.

Newton, Kansas, City of; Goddard,
Kansas, City of; Harvey County,
Kansas; Jane Does 1-10; and John Does
1-10,

      Defendants.

Case No. 26-cv-1072-DDC-GEB

## ORDER

This matter is before the Court on Cody Helmers Motion to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 3, *sealed*) and supporting Amended Financial Affidavit (ECF No. 7, *sealed*), and Plaintiff's Motion for Order requesting the Court rule on his IFP Motion (ECF No. 8).  For the reasons outlined below, Plaintiff's IFP Motion **(ECF No. 3, *sealed*)** is **provisionally GRANTED**, and Plaintiff's Motion for Order **(ECF No. 8)** is **DENIED as moot.**

Under 28 U.S.C. § 1915(a)(1), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security thereof."[1]  "Proceeding *in forma pauperis* in a civil case 'is

---

[1]*See also Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

a privilege, not a right—fundamental or otherwise.'"[2]  However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[3]

When determining whether a party is eligible to file without prepayment of fees, the court reviews a party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[4]  Here, Plaintiff first filed an Affidavit of Financial Status on March 27, 2026, with the filing of his IFP Motion.[5]  In this Affidavit, Plaintiff stated he is "currently unemployed/underemployed [with] limited income," but failed to actually state his monthly income and expenses, or provide an accounting of his assets and debts.[6]  On April 20, 2026, the Court ordered him to provide an amended affidavit within 10 days which contained this missing financial information.[7]

On May 1, 2026, Plaintiff file an Amended Financial Affidavit ("Amended Affidavit").[8]  Similar to his first Affidavit, Plaintiff's Amended Affidavit states he is "currently unemployed and [has] no income or savings available to pay the filing fee."[9] However, the Amended Affidavit also provides that he was employed by C. Helmers

---

[2] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] ECF No. 3-1, *sealed.*

[6] *Id.*

[7] ECF no. 6.

[8] ECF No. 7, *sealed.*

[9] *Id.* at 5.

Construction from April 27, 2024, to April 27, 2026, making $30,000.00 a month in gross pay.[10]  This seems to contradict his March 27, 2026 statement of unemployment and limited income as set forth above from his first Affidavit.  But, to make things more confusing, the Amended Affidavit also states Plaintiff's average monthly income during the last 12 months was $83.33 a month,[11] and as stated in Plaintiff's Complaint, he was incarcerated from May of 2025 to December of 2025,[12] making it unlikely he was employed by C. Helmers Construction the entire period of April 27, 2024, to April 27, 2026.  Also, one portion of the Amended Affidavit states his spouse[13] makes a gross monthly income of $2,400,[14] while another portion states she makes a gross monthly income of $4,100.[15]

Given this conflicting information, the Court would normally require Plaintiff to provide another financial affidavit and order him to ensure such affidavit contains a complete and accurate accounting of his current financial situation.  However, taking Plaintiff at his word that he is currently unemployed,[16] the Court finds the total monthly expenses stated in the Amended Affidaivt is more than the highest monthly income reported by his spouse, making it unlikely he is currently able to pay the filing fee.  Thus, because of this and the Court's recommendation of dismissal being filed concurrently, the Court will not require Plaintiff to provide an updated affidavit at this time, but instead

---

[10] *Id.* at 2.

[11] *Id.* at 1.

[12] ECF No. 1 at 3.

[13] The Court notes his spouse is likely his fiancé as later stated in the Amended Affidavit. *See* ECF No. 7 at 3.

[14] ECF No. 7 at 1.

[15] *Id.* at 2.

[16] Plaintiff signed the Amended Affidavit under penalty of perjury that the information contained therein is correct.  *See id.* at 1.

**provisionally GRANTS** his IFP Motion pending review by the District Judge of the Report and Recommendation of Dismissal. Should Plaintiff's Complaint survive the undersigned's recommendation of dismissal, the undersigned will reevaluate the issue of requiring another affidavit.

On June 1, 2026, Plaintiff filed a Motion for Order (ECF No. 8)[17] requesting the Court to rule on his IFP Motion. Because this Order contains a ruling on Plaintiff's IFP Motion, the Court **DENIES this request as moot**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (**ECF No. 3, *sealed***) is **provisionally GRANTED,** and Plaintiff's Motion for Order **(ECF No. 8)** is **DENIED as moot**. Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Court's review of the Report and Recommendation filed simultaneously here.[18]

**IT IS SO ORDERED.**

Dated this 30th day of July 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[17] Plaintiff's filing is titled "Emergency Regulatory Directive for an Immediate Judicial Assignment and Order to Log Pending Fee Waiver." *See* ECF No. 8.

[18] *See Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).