**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CODY HELMERS,**

**Plaintiff,**

**v.**

**CITY OF NEWTON, KANSAS, et al.,**

**Defendants.**

**Case No. 26-1072-DDC-GEB**

## MEMORANDUM AND ORDER

Plaintiff Cody Helmers, proceeding pro se,[1] alleges defendants have subjected him to an "unconstitutional enforcement track" of state criminal proceedings and that "track" violates the Constitution. A United States Magistrate Judge screened his Complaint and recommended dismissal because it fails to state a claim on which the court can grant relief. Plaintiff objects to this recommendation, and he also has moved twice for a temporary restraining order against an ongoing criminal prosecution in state court. Because the court agrees with the Magistrate Judge's Report and Recommendation, it dismisses plaintiff's Complaint, overrules his Objection, and denies both motions for temporary restraining orders.

### I. Background

The following background facts come from plaintiff's Complaint (Doc. 1) and its attached exhibits. The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the

[1] Plaintiff proceeds pro se. The court construes his filings liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

light most favorable to Plaintiff[], and draw[s] all reasonable inferences from the facts in favor of Plaintiff[].” *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

In May 2025, Goddard, Kansas police arrested plaintiff pursuant to multiple warrants issued by both the District Court for Harvey County, Kansas, Doc. 1-6 at 2 (Ex. E), and the Newton Municipal Court. Doc. 1-2 at 1 (Ex. A). In the Harvey County District Court, prosecutors charged plaintiff with Stalking. Doc. 1-6 at 2 (Ex. E). The court issued an order setting plaintiff’s bond at $25,000. *Id.* at 1 (Ex. E).

At the same time, the Newton Municipal Court determined plaintiff wasn’t entitled to bond. *See* Doc. 1-2 at 1 (Ex. A). In that case, plaintiff alleges an officer altered his outstanding warrant for a different stalking charge—which initially set bond at $2,000—to a “No Bond Warrant,” marking that determination as “APPROVED BY JUDGE VIA EMAIL.” *Compare* Doc. 1-3 at 1 (Ex. B), *with* Doc. 1-2 at 1 (Ex. A). In early June 2025, the Newton Municipal Court sentenced plaintiff to the Harvey County jail for 180 days. Doc. 1-4 at 1 (Ex. C).

A few months into his 180-day sentence—in September 2025—plaintiff tendered his bond for the Harvey County District Court case. Doc. 1 at 3. Plaintiff wasn’t released. *Id.* Instead, his bond payment was refunded, Doc. 1-5 at 1 (Ex. D), and he wasn’t released until December 2025—180 days after the Newton Municipal Court had sentenced him. Doc. 1-7 at 1 (Ex. F). Plaintiff has not seen “any judicial order entered of record authorizing continued detention after bond was set and tendered.” Doc. 1 at 3.

Plaintiff filed a lawsuit in this court against the City of Newton, the City of Goddard, Harvey County, John Does 1–10, and Jane Does 1–10. Doc. 1 at 1. His first two claims argue defendants violated the Fourth Amendment and Fourteenth Amendment by failing to release him from his Newton Municipal Court commitment after he had tendered bond in the Harvey County

District Court case. *Id*. at 4. In his third claim, plaintiff alleges the city and county defendants are also liable for those constitutional violations. *Id.* Plaintiff's Complaint clarifies he doesn't "challenge the validity of any pending criminal prosecution." *Id.* at 1.

A Magistrate Judge screened plaintiff's Complaint under 28 U.S.C. § 1915. She recommended the court dismiss the Complaint because it doesn't state a claim on which the court can grant relief. Doc. 11. Plaintiff objected to that Report. Doc. 12. Plaintiff also filed an "Amended Complaint" (Doc. 13) even though the court didn't grant plaintiff leave to amend the Complaint. Plaintiff also has filed two different motions seeking either a temporary restraining order or an injunction against his prosecution in the Harvey County District Court. Doc. 9; Doc. 17.

## II. Legal Standard

District courts review timely objections to a Magistrate Judge's Report and Recommendation de novo. 28 U.S.C. § 636(b)(1); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). This means the court will review the record and plaintiff's specific objections instead of "merely . . . reviewing the magistrate's report and recommendations." *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987) (quotation cleaned up).

Because plaintiff proceeds *in forma pauperis*, the court must screen his Complaint. 28 U.S.C. § 1915(e)(2)(B). Section 1915 requires dismissal if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* A court shouldn't dismiss a pro se complaint *sua sponte* unless "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

When evaluating whether a complaint states a claim under Section 1915, the court applies the same standard of review applied to a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under that standard, the court reviews the complaint and may consider exhibits that are attached to the complaint or referenced in it. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Together, the complaint and attached exhibits must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.").

The court must also assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. Analysis

The court begins its analysis by clarifying whether the Complaint (Doc. 1) or the Amended Complaint (Doc. 13) is the operative complaint. The court then reviews the Magistrate

Judge's reasons for dismissing the operative complaint, considers plaintiff's objections, and determines whether granting plaintiff leave to amend is futile.

Most of plaintiff's objections to the Magistrate Judge's Report and Recommendation rely on a document he filed concurrently with his objections titled "Amended Complaint" (Doc. 13). But plaintiff didn't secure leave to amend the Complaint, so Document 1 on the court's docket remains the operative complaint. *See McKnight v. Zavaras*, 83 F.3d 432, 1996 WL 196632 at *2 (10th Cir. 1996) (plaintiffs whose complaints are screened under § 1915 are not entitled to amendment as of right under Fed. R. Civ. P. 15(a)); *see also Montana v. Hargett*, 84 F. App'x 15, 18 (10th Cir. 2003) (noting, in a case where defendants weren't served because the court screened the complaint under § 1915, that "district courts have discretion to deny leave to amend for various reasons"). Because the Magistrate Judge issued her Report on plaintiff's original Complaint, plaintiff's arguments invoking the so-called "Amended Complaint" are irrelevant to deciding whether the Complaint states a claim on which the court can grant relief.

The Amended Complaint is relevant, however, to the court's futility analysis. Even if a complaint doesn't state a claim, district courts can't dismiss the complaint without responsive briefing unless "it would be futile to give [the plaintiff] an opportunity to amend." *Perkins*, 165 F.3d at 806. The court can consider a proposed amendment to determine whether granting plaintiff the opportunity to amend the complaint would prove futile. *See, e.g.*, *Watson ex rel Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason[.]"). Therefore, the court analyzes each of the reasons for dismissal in the Report and Recommendation in two steps: first reviewing the Complaint to determine whether it states a claim, then reviewing plaintiff's proposed Amended Complaint to determine if amendment would prove futile.

### A. Claims Against Individual Defendants

Plaintiff's first two claims are against individual "John Doe" and "Jane Doe" defendants for violating his rights under the Fourth and Fourteenth Amendments to the Constitution. Doc. 1 at 1. Plaintiff sues for money damages under 42 U.S.C. § 1983. To state a claim against individual defendants under § 1983, a plaintiff must show the defendants acted "under color of state law" and deprived him "of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). And a defendant's "liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). This is why "'it is particularly important' in a § 1983 case brought against 'a number of government actors sued in their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom[.]'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

The Magistrate Judge recommends the court dismiss plaintiff's Fourth Amendment and Fourteenth Amendment claims for two independent reasons: (1) Plaintiff failed to allege specific actions by specific defendants; and (2) plaintiff didn't allege a constitutional violation. Doc. 11 at 9–14. The court agrees with the Magistrate Judge's analysis on both points. Take them in order.

#### 1. Collective, Non-Specific Allegations

The Magistrate Judge rightly concluded the Complaint fails to allege specific actions by specific defendants. *See id.* at 9. The Complaint alleges plaintiff's "continued detention after bond was set and tendered, without a judicial order authorizing such detention, constituted an unreasonable seizure" under the Fourth Amendment. Doc. 1 at 4. The Complaint also alleges plaintiff "was deprived" of a liberty interest without a hearing. *Id.* The closest the Complaint

comes to recounting specific actions by specific individuals is alleging jail "personnel treated [plaintiff's municipal court sentence] as preventing release even if district court bond was satisfied." *Id.* at 3. That won't cut it. Merely asserting jail personnel took unconstitutional actions doesn't "make clear exactly *who* is alleged to have done *what* to *whom*[.]" *Kan. Penn Gaming*, 656 F.3d at 1215 (emphasis in original).

In his Objection to the Report and Recommendation, plaintiff argues he can't make more specific factual allegations because of defendants' "active, ongoing Systemic Fraudulent Concealment of Public Records." Doc. 12 at 2. But even if plaintiff doesn't know the names of the jail personnel, he can "recount the facts surrounding his alleged injury, and he must provide such facts[.]" *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). He hasn't. The court thus concludes the Magistrate Judge correctly recommended dismissal of plaintiff's claims for failing to allege actions by specific defendants.

**2. Failure to Plead Constitutional Violations**

The Magistrate Judge also recommended the court dismiss plaintiff's Complaint because he failed to allege a constitutional violation. Doc. 11 at 12–13. The court liberally construes the Complaint to argue defendants (1) violated the Fourth Amendment when they didn't release plaintiff after he paid a bond, and (2) violated the Due Process Clause of the Fourteenth Amendment because they didn't give plaintiff a hearing before refunding his bond. *See* Doc. 1 at 4. According to plaintiff, posting a bond payment in one case warranted his release in a different—later—case, even though the court in the latter case disallowed bond. *Compare* Doc. 1-6 (Ex. E) (setting bond in the Harvey County District Court case), *with* Doc. 1-2 (Ex. A) (setting no bond in the Newton Municipal Court case). But that isn't an unreasonable seizure under the Fourth Amendment. *See, e.g.*, *Collins v. Daniels*, 2017 WL 11441859, at *2 (D.N.M. 2017) (explaining the United States Constitution only prohibits "excessive bail" but doesn't

guarantee a right to bail). Nor does it violate the Fourteenth Amendment: The bond payment in the first case was irrelevant to whether defendants should have released plaintiff in the second case. To the extent plaintiff asserts that the two cases are related and the Harvey County District Court superseded the Newton Municipal Court, he is mistaken. True enough, the Harvey County District Court is "above" the Newton Municipal Court in the sense that the District Court hears appeals from the Municipal Court. Newton, Kan., Mun. Code § 14-106, https://newtonkansas.citycode.net/index.html#!articleMunicipalCourt. But plaintiff's Complaint and its attachments demonstrate no appeal is at issue here. Officers arrested plaintiff on two separate warrants for two separate cases—only one of which allowed him to post bond.

Plaintiff's Objection to the Report and Recommendation raises the same arguments made in his Complaint. *See* Doc. 12 at 2–3. Plaintiff complains there isn't a "single signed judicial order or docket entry to authorize" defendants refunding his bail payment, but he never explains why any court had to make that determination. *Id.* at 3. The exhibits attached to plaintiff's Complaint show that a judge determined he wasn't entitled to bail in the Newton Municipal Court case. *See* Doc. 1-2 (Ex. A). And plaintiff hasn't alleged that the Newton Municipal Court's determination violated the Constitution. The court thus concludes the Magistrate Judge correctly found plaintiff's Complaint failed to state a claim against the individual defendants.

**3. Futility**

Because the court determines the Complaint failed to state a claim against individual defendants, the court must determine whether amendment is futile. *See Perkins*, 165 F.3d at 806. After reviewing plaintiff's proposed Amended Complaint the court concludes amendment would prove futile and dismisses the claims.

In his proposed Amended Complaint, plaintiff tries to plead specific allegations by changing the Complaint's caption. *See* Doc. 13 at 1. Instead of naming "John Does 1–10" and

"Jane Does 1–10" as does the original Complaint, Doc. 1 at 1, the Amended Complaint names three state judges and a Harvey County prosecutor as defendants. Doc. 13 at 1. But the factual allegations in the Amended Complaint never mention any of those defendants. *See id.* Instead, the Amended Complaint asserts that "municipal officers," "public facility personnel," and "court personnel" took many actions plaintiff views as unconstitutional. *Id.* at 3–4. That won't suffice. As the court reads it, plaintiff's proposed Amended Complaint tries to hold the listed defendants liable for actions taken by other municipal employees: A liability theory § 1983 doesn't allow. *See Foote*, 118 F.3d at 1423 ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

But even if plaintiff were to amend the Complaint again to name those "municipal officers" and "public facility personnel," he still wouldn't have alleged a constitutional violation. The Amended Complaint doesn't change plaintiff's theory—that someone should have released him from the Newton Municipal Court hold when he paid his Harvey County Court bond—it just changes the phrasing. *See* Doc. 13 at 4–5. Because the court concludes plaintiff's theory can't support a constitutional violation, plaintiff's proposed amendment is futile, and the court dismisses the first two claims in the Complaint.

**B. Claims Against Municipalities**

Likewise, the court dismisses plaintiff's claims against the municipality defendants. Plaintiff's Complaint alleges that the constitutional violations in his first two claims "resulted from policies, customs, or practices of" the municipal defendants. Doc. 1 at 4. Below, the court outlines the standard for municipal liability, reviews plaintiff's objections to the Magistrate Judge's Report, and concludes that plaintiff's proposed amendment would prove futile.

A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

That is, a municipality "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, to hold a local government liable under § 1983, plaintiff must allege that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694. A policy or custom can take any of the following forms:

> "(1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused."

*Waller v. City & County of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010)). As with all claims at the motion-to-dismiss stage, a plaintiff must plead particular facts to support an allegation that a practice was a custom rather than a one-off event. *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015). If a plaintiff can't allege facts that a custom caused his constitutional injury without relying on "conclusory statements," his § 1983 claim against the municipality fails. *Id.*

The Magistrate Judge recommended the court dismiss plaintiff's municipal liability claims for this reason. Doc. 11 at 15. Even if plaintiff alleged a constitutional violation—he doesn't—the Magistrate Judge concluded that his Complaint fails to allege a policy or custom that caused that violation. *Id.* at 14–15. The court agrees with the Magistrate Judge's analysis and concludes amendment would be futile.

**1. Failure to Plead Policy and Custom**

Plaintiff's Complaint lists four "policies, customs, or practices" that caused his injury:

a. Treating municipal commitment language as controlling custody despite district court bond;

b. Allowing detention to continue without verifying lawful judicial authority entered of record;

c. Maintaining custody despite bond satisfaction without judicial clarification;

d. Coordinating between agencies in a matter that resulted in prolonged detention.

Doc. 1 at 4. As the court already explained, these supposed "policies, customs, or practices" don't violate the Constitution. *See above* § III.A.2. And they also don't meet the *Monell* standard. *See Waller*, 932 F.3d at 1283.

Plaintiff's Complaint doesn't identify any "'formal regulation or policy statement.'" *See id.* (quoting *Bryson*, 627 F.3d at 788). Nor has plaintiff listed "decisions of employees with final policymaking authority." *See id.* (quotation cleaned up). At best, the court could consider the Complaint as listing "informal custom[s] amounting to a widespread practice." *See id.* (quotation cleaned up). But aside "from conclusory statements, no allegations in the complaint give rise to an inference" that the individual defendants acted on municipal customs, rather than making one-off decisions. *See Mocek*, 813 F.3d at 934. The Magistrate Judge thus correctly concluded plaintiff had failed to state a valid *Monell* claim. *See* Doc. 11 at 14–15.

Plaintiff objects to this recommendation, but again merely restates the arguments he raises in his Complaint. Doc. 12 at 3 ("An informal custom carrying the force of law is explicitly established by the decisions and actions of officials with final policymaking authority."). The remainder of plaintiff's Objection relies on his proposed Amended Complaint, which the court considers in its futility analysis.

**2. Futility**

The court also concludes plaintiff's proposed amendment to his *Monell* claim is futile. Plaintiff alleges that the municipal defendants "implemented and ratified a widespread,

permanent custom carrying the force of law to manually alter warrants via private emails, execute cross-county extractions, and force commercial bond refunds[.]" Doc. 13 at 7. But, once again, plaintiff never alleges any facts to support these "conclusory statements." *See Mocek*, 813 F.3d at 924.

Even considering the additional facts recited by plaintiff in his Objection, the court finds insufficient facts to support a policy or custom. Plaintiff alleges that Newton Police exceeded their state-limited jurisdiction by collaborating with Goddard Police to transfer plaintiff between the two cities. Doc. 12 at 4. But he doesn't explain how that alleged conduct violates the federal Constitution, nor does he allege facts that a municipal custom supported this alleged collaboration. *See id.* Plaintiff also alleges a "widespread custom" of using "pre-printed" forms, which he claims constitutes an "un-docketed physical containment track." *Id.* But, once more, plaintiff fails to explain how the use of preprinted forms—which were indeed reviewed and signed by a state court judge, *see, e.g.*, Doc. 1-2 at 1 (Ex. A)—violates the Constitution. The court thus concludes the proposed amendment is futile and dismisses plaintiff's third claim.

## IV. Conclusion

Plaintiff's Complaint fails to state a claim on which the court can grant relief. The court therefore dismisses the Complaint without prejudice to refiling. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("Because a [§ 1915(e)] dismissal is not a dismissal on the merits, . . . the dismissal does not prejudice the filing of a paid complaint making the same allegations."). Because the court dismisses the Complaint, it denies as moot plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order, Doc. 9, and plaintiff's Emergency Motion for a Preliminary Injunction and Temporary Restraining Order, Doc. 17.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint, Doc. 1, is dismissed without prejudice. The court directs the Clerk of the Court to close this case.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, Doc. 9, is denied.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Gwynne E. Birzer, Doc. 11, is accepted, adopted, and affirmed.

**IT IS FURTHER ORDERED THAT** plaintiff's Objection, Doc. 12, is overruled.

**IT IS FURTHER ORDERED THAT** plaintiff's Emergency Motion for Preliminary Injunction and Temporary Restraining Order, Doc. 17, is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**